No. 11,207.

MRS. M. E. CAIRE VS. HER CREDITORS.

A crop hanging by the roots when the usufruct is opened belongs to the usufructuary.

If the surviving partner in community does not choose to exercise her rights as usufructuary, but qualifies as administratrix of the estate of her husband and administers the affairs of the community, for whose account the fruits hanging by the roots are gathered and sold in the market, and the proceeds applied to the payment of the debts (leaving a balance due the community by the administratrix, which is placed to the credit of the community on her final account duly homologated), the syndic of her estate has no authority collaterally to attack the judgment of homologation, and recover funds as belonging to the usufructuary disposed of by her prior to her insolvency.

The survivor in community, transferee, is subrogated to the mortgagee's rights and entitled to the balance after its deduction upon settlement of accounts.

A PPEAL from the Fourteenth District Court, Parish of West Baton Rouge.  *Talbot, J.*

———

*Samuel Matthews* for the Syndic, Appellant:

All rights and property belonging to the insolvent may be recovered by the syndic, whether on the schedule or not. 11 L. 531, Muse vs. Yarborough; 12 L. 109, Levy vs. Jacobs; 2 R. 123, West vs. Creditors; 9 R. 32, Dwight vs. Smith; 4 An. 490, Dwight vs. Simon.

No heir of a father, major or minor, can dispute a *bona fide* mortgage on community property executed by him during the life of the mother. 31 An. 450, Dupre vs. Soye et al.

A crop hanging by the roots when the usufruct is opened belongs to the usufruc-
tuary. R. C. C., Art. 546 (538); 41 An. 620, Tutorship of Kate Jones.

The usufructuary can advance money to discharge mortgage incumbrances on
property subject to his usufruct, and at the end of the usufruct it must be re-
turned to him without interest. R. C. C., Arts. 584 (578), 585 (579); Succession
Fitzwilliams, 3 An. 489.

The usufruct of the insolvent, Mrs. M. E. Caire, expired when her rights as usu-
fructuary were sold by order of court, in these bankruptcy proceedings. R. C.
C., Art. 617 (612).

The mortgage debt, being a community debt, and discharged by the surviving
spouse, she became subrogated to the mortgagee's rights against the share of
her husband in the property. Shropshire vs. His Creditors, 15 An. 705.

The heirs of the husband became unconditional heirs by being sued and suffering
judgment to go against them, and they must pay their share of this debt. R.
C. C., Art. 1000 (994); 31 An. 450, Dupre vs. Soye et al.

*Cross & Cross contra.*

The opinion of the court was delivered by

BREAUX, J.    The syndic of the creditors of Mrs. M. E. Caire sues
to recover from the succession of her late husband, Jacques Caire,
the sum of $2554.71.

The son of Jacques Caire and Mrs. M. E. Caire (J. A. Caire) was
indebted to Antoine Caire in the amount of $12,000, represented by
six promissory notes signed by J. A. Caire as maker.

Jacques Caire mortgaged his plantation and other lands as secu-
rity for their payment.

The mortgager died in October, 1882.    His widow administered
his succession.    She presented, it is stated, in the account, a "final
tableau and account" of her administration of the property, "the
whole of which belonged to the community of acquests and gains."

The remainder, after the payment of the plantation expenses, of
the proceeds of the crop of 1882, is applied to the payment of the
debts of the community.

Though the crops of the community were hanging by the roots
when her husband's succession was opened, and though owner as
usufructuary, she did not claim any part of the amount for which
they sold.

As administratrix she took possession and disposed of the pro-
ceeds of the crops of 1882 without the least reference to any pos-
sible right as usufructuary.    They were of the community, and in

homologating her account she was ordered to pay them as community funds.

One of the series of notes secured by mortgage, as before mentioned, was paid by Mrs. M. E. Caire and carried by her to her credit on her account homologated on the 16th January, 1884. The balance to the credit of the community by that account was $1895. On that day, under the terms of the judgment, she was placed in possession as usufructuary. The right of usufruct is not referred to in any of the proceedings preceding that date.

In 1887 Mrs. M. E. Caire made a surrender of her property, including the usufruct. Antoine Caire, holder of the last note of the series—the one due January 15, 1886—instituted an action in the insolvency proceedings to foreclose his mortgage.

The syndic of the creditors of Mrs. M. E. Caire intervened and claimed that she, the insolvent, had paid three of the notes due by J. A. Caire, the maker, and that she was therefore subrogated to the rights of Antoine Caire, the original holder to the extent of one-half, i. e., the community half of her late husband. J. A. Caire, the maker of these notes, was declared insolvent on the 15th of January, 1886.

In 1887 the syndic of his creditors filed an account.

Mrs. M. E. Caire, not at the time an insolvent, opposed this account and alleged that the second of the series of notes was paid by her.

On the trial of the opposition, a witness, whose testimony is approvingly referred to by the syndic in the case at bar, states that Mrs. M. E. Caire paid two of the notes.

The claims for an additional amount of $1000 was paid in a settlement referred to by this witness.

The syndic in the suit at bar appears in the insolvency proceedings of Mrs. M. E. Caire against her creditors, and alleges that three, not two, of the series of notes had been paid by her, and that she was entitled to a credit of $6000, one-half of which should form part of the assets of her insolvency.

He adds that the heirs of Jacques Caire owe the insolvent estate of Mrs. M. E. Caire, administered by him, the amount of one-half of the notes paid by her, it being their debt by the effect of their inheritance, less the one-half of $891.58, paid thereon by the syndic of the estate of J. A. Caire, the maker of the notes.

Caire vs. Creditors.

On the trial copies of records of the insolvency proceedings, before stated, were introduced in evidence and oral testimony was heard.

The amount which should be debited to Mrs. M. E. Caire, collected from the insolvency estate of J. A. Caire, and paid to Antoine Caire, through her, is not clearly shown.

. We have considered the whole of the testimony upon the subject and have fixed a total we think it sustains. This total, however, is not to the credit of Mrs. M. E. Caire, for it was due to the community, and was applied to the payment of a debt of the community. The principal ground of contention argued by the counsel for the syndic is, that the community which existed between the insolvents, Mrs. M. E. Caire and Jacques Caire, her husband, was dissolved by his death in 1882, and that the crop, hanging by the roots, at the time, belonged to the usufructuary.

There is no question of the correctness of the principle invoked, and that at the opening of the succession of her husband there was a right of usufruct subject to her acceptance.

She did not avail herself of the right.

The syndic is bound by her abandonment of the usufruct at a time when she was not insolvent.

He can not absolutely ignore the judgment of homologation of her account and the disposition she made of the proceeds.

She judicially alleged that it was the property of the community, upon which the court has acted.

The syndic is without authority to ignore the judicial allegations made and collaterally to question the binding effect of the judgment.

Commenting upon Article 505 of the Civil Code of France (546 of ours) Marcadé says:

" Mais pour que l'usufruitier fasse les fruits siens, il faut qu'il les percoive, et qu'il les percoive en meturité." Vol. 2, p. 455. Et puisque c'est soulement par la percoption que l'usufruitier fait les fruits siens, notre artiicle s'exprime donc in exactement⁵ quand il dit que les fruits pendant lors de l'overture de l'usufruit appertiennent à l'usufruitier; il entend soulement par la que cet nsusfruitier a la droit de les percevoir. Ib. p. 456.

Mrs. M. E. Caire, the usufructuary, became the owner, and had the right to gather the crop for her account.

This she did not elect to do.

The crops were gathered by and delivered to the community as its property.

Her waiver binds the syndic in these proceedings.

There is no question as to the two notes. They were paid by Mrs. M. E. Caire, and she was thereby subrogated to all the rights of the creditors of the succession of her late husband to the extent that payment was made by her, with her funds, and not with amounts collected by her from the insolvency estate of J. A. Caire.

The record does not disclose that she became the owner of the third note as alleged; or that it was paid by her.

Her claim in judicial proceedings prior to her insolvency was for two notes.

The conclusion is irresistible, that if she had owned the third note it also would have been claimed.

This reduces the issue to two notes: $4000. One of the notes constituted part of the $16,804.29 to her credit in her account as administratrix. It was therefore paid in the settlement of that account.

This brings us to the second note, of $2000. The balance due to the community, as per Mrs. M. E. Caire's final account, was $1895; balance due by the community, $105.

We must therefore affirm the judgment.

Judgment affirmed at appellant's costs.

Rehearing refused.